CARPENTER et al. v. KNOLLWOOD CEMETERY et al.

(District Court, D. Massachusetts. July 1, 1912.)

No. 162, Equity.

1. COURTS (§ 328*)—JURISDICTION—FEDERAL COURTS—AMOUNT IN CONTROVERSY.

Where a suit is brought by owners of landholders' shares in a cemetery on behalf of themselves and all other owners of such shares similarly situated to protect the interests of the lands as against a proposed sale, the aggregate interest of the whole class constitutes the matter in dispute, and, when that is more than $2,000, the federal court has jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. § 328.*

Jurisdiction of circuit courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459; O. J. Lewis Mercantile Co. v. Klepner, 100 C. C. A. 288.]

2. INJUNCTION (§ 118*)—RESTRAINING SALE OF CEMETERY LOTS—PLEADING—SUFFICIENCY.

A bill to restrain a sale of cemetery lands, which alleges that a contract provided that proceeds from a sale of the use of lots in the cemetery should be divided into equal shares, distributed among persons named according to their several interests, that the cemetery, pursuant to the contract, issued shares to persons named, that the shares were fully paid and are outstanding, and that complainants own a specified number of shares, sufficiently alleges the ownership of the shares as against a demurrer averring that the complainants do not appear as shareowners of record.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 223–242; Dec. Dig. § 118.*]

3. EQUITY (§ 219*)—PLEADING—SURPLUSAGE.

Where complainants request the striking out of matters in a bill, demurrers to the parts stricken out are no longer available.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 496, 498–500; Dec. Dig. § 219.*]

4. INJUNCTION (§ 114*)—RESTRAINING SALE OF CEMETERY LANDS—PARTIES.

Where a trustee under a mortgage executed by a cemetery corporation is a party to a suit to restrain a sale of cemetery lands, the bondholders need not be made parties, for they are represented by the trustee.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 202–220; Dec. Dig. § 114.*]

5. INJUNCTION (§ 114*)—RESTRAINING SALE OF CEMETERY LANDS—PARTIES.

Where, in a suit by owners of landowners' shares in a cemetery, on their own behalf and on behalf of all others similarly situated, to restrain a sale of cemetery lands, the issue was between the class of shareholders in whose behalf the bill was brought, on one hand, and the cemetery and a class of shareholders represented by a shareholders' committee, on the other, the shareholders' committee, or such members as may be presumed to represent the interests of such class of shareholders, must be made parties to the bill, since the interests of such class will be affected by a decree in favor of complainants.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 202–220; Dec. Dig. § 114.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suit by Reese Carpenter and others against the Knoll-wood Cemetery and others. Demurrer overruled in part, and in part sustained, with leave to complainants to amend.

See, also, 195 Fed. 96.

Francis E. Baker, C. H. Tyler, O. D. Young, I. H. Ellis, and Francis I. McCanna, for complainants.

Atherton N. Hunt and A. L. Harwood, for defendant Knollwood Cemetery.

Joseph W. Lund, for defendant Beacon Trust Co.

Warren, Garfield, Whiteside & Lamson, for defendant Puritan Trust Co.

Barney & Lee and Thomas Z. Lee, for intervener John J. Cameron.

Wendell P. Murray, pro se.

COLT, Circuit Judge. This case is now before the court on demurrer to the bill. The grounds of demurrer are set forth in defendants' brief as follows:

(1) The complainants are not entitled to the relief sought.

(2) The subject-matter in dispute is less than $2,000.

(3) The complainants on their bill do not appear as shareowners of record, and are therefore not entitled to maintain this suit.

(4) The complainants have a complete and adequate remedy at law.

(5) The sixth prayer of the complainants' bill is vague, uncertain, and inconsistent with any of the other prayers of said bill.

(6) The bill sets forth inconsistent states of facts.

(7) The several prayers of the complainants' bill are inconsistent, in no sense alternative, and the relief sought irreconcilable.

(8, 9, 10) Divers persons not at present parties to the bill are necessary and indispensable parties.

1. The bill prays for the appointment of a receiver, for an injunction, and for an account. Assuming the allegations of the bill, which are well pleaded, to be true, I am not prepared to hold that the bill does not set forth a cause for equitable relief; and it follows that this ground of demurrer is not well taken. In disposing of this ground of demurrer, I do not deem it necessary to consider in detail the allegations of the bill, as the bill has already been before the court, as well as before a master, in connection with the motion for a preliminary injunction.

[1] 2. The second ground of demurrer, that the subject-matter in dispute is less than $2,000, is overruled for the following reasons:

The bill alleges that this suit is brought by the complainants in behalf of themselves and all other owners of landholders' shares who are similarly situated, seeking, among other things, to protect the interests of the lands of the defendant corporation as against a proposed sale of such lands.

"Where a suit is brought by one or more, for themselves, and all others of a class jointly interested, for the relief of the whole class, the aggregate interest of the whole class constitutes the matter in dispute." 1 Foster's Federal Practice (4th Ed.) § 16k, p. 107, and cases cited.

Since this case is governed by this general rule, it is clear that the matter in dispute is far in excess of the statutory requirement.

[2] 3. With respect to the third ground of demurrer, that the complainants in their bill do not appear as sharcholders of record, it is sufficient to refer to the ninth paragraph of the bill, which reads as follows:

"Ninth. That said John J. Cameron contract provided in sections 3 and 4 thereof that the one-half of the proceeds to be realized from the sale of the use of lots and plats in the cemetery should be divided into fifteen thousand (15,000) equal shares, which shares should be distributed to and among said Cameron and his associates named in said contract according to their several interests, and that one or more certificates should be issued to each of said persons for his share, and the said shares should be personal property and transferable by the said persons or their legal representatives or assigns on the books of the said cemetery corporation upon the surrender of the certificates, the same as stock is usually transferable; that said Knollwood Cemetery, pursuant to said authority, issued the fifteen thousand (15,000) landowners' shares mentioned therein to the following named persons, to wit: John J. Cameron, Samuel I. Knight, Reese Carpenter, Leonard W. Ross, Daniel H. Watson, and Thomas D. Husted, all of which were fully paid for and are now outstanding. That said complainant Reese Carpenter now owns 50 of said landowners' shares. That said complainant Caroline L. Carpenter now owns 50 of said landowners' shares. That said complainants Chauncey M. Depew and Chauncey M. Depew, Jr., together now own 266 of said landowners' shares. That said complainant Samuel I. Knight now owns 312 of said landowners' shares. That said complainant Gardiner Wetherbee now owns 100 of said landowners' shares. That said complainant Charles W. Carpenter now owns 226 of said landowners' shares. That said complainant James B. Murray now owns 800 of said landowners' shares. That the original owners of said landowners' shares or their assigns are in equity the actual owners of said land, and are the principals for whom the trust created under the terms of the Cameron contract was established, having paid a good and valuable consideration for same."

In my opinion, reading this paragraph as a whole, the allegations of ownership are sufficient. The cases cited by the defendants presented special circumstances, and do not apply to the case at bar.

4. Assuming the truth of the allegations of this bill, it is manifest that this case is within the equity jurisdiction of the court, and that the complainants have no sufficient or adequate remedy at law.

[3] 5, 6, 7. These grounds of demurrer are to the effect that the sixth prayer of the complainants' bill is vague, uncertain, and inconsistent with any of the other prayers of said bill.

The sixth prayer of the bill is as follows:

"That a decree be entered by this honorable court winding up said cemetery corporation and revesting the title of the remaining land of said cemetery corporation, free and clear from all incumbrances, in said John J. Cameron and his associates mentioned in said contract, their respective executors, administrators, and assigns, and decreeing said pretended mortgage to be null and void."

With respect to the fifth, sixth, and seventh grounds of demurrer the complainants in their brief say:

"As to the fifth, sixth, and seventh causes of demurrer, as has already been stated, the complainants, on more mature deliberation, do not insist on the position taken in the bill that the corporation has forfeited its right to retain the title to and possession of the premises, and hereby offer to strike

out the portions of the twenty-eighth paragraph setting up such a claim and also such portions of the sixth prayer for relief as seek a revesting of the title to the cemetery in Cameron and his associates.

"The portion of the twenty-eighth paragraph of the bill asserting that, for reasons therein stated, the defendant Knollwood Cemetery has forfeited its right to longer retain the title to and possession of any of said lands conveyed to it by said John J. Cameron, and that title to the same should now be declared vested, by decree of the court, free and clear from all liens and incumbrances, in said John J. Cameron and his associates mentioned in said contract, is a conclusion of law, which the complainants are willing to admit is unsound in view of the fact that the land conveyed has, with the knowledge and assent of their predecessors in title, been dedicated and used for cemetery purposes so as to involve the rights of lot owners and the public. * * * Said portions of said bill may therefore be treated, for the purposes of this hearing, as mere surplusage."

With this matter stricken from the bill, as requested by the complainants, it seems to me that the fifth, sixth, and seventh grounds of demurrer are removed.

[4, 5] 8, 9, 10. The remaining ground of demurrer is that the bill is defective for want of necessary parties. This point raises two questions: First, whether the bondholders' committee are necessary parties to the bill; and, second, whether the shareholders' committee are necessary parties to the bill.

In answer to the first question, it is sufficient to say that the trustee under the mortgage, who is made a party to the bill, sufficiently represents the bondholders. This rule is well stated by Foster, as follows:

"Trustees under a railroad mortgage, or under any other trust deed of a similar nature securing the rights in real property of a large number of beneficiaries, are held, in all proceedings affecting the property which they thus hold, adequately to represent the latter, who will be bound, in the absence of fraud, by notice given or a decree entered against trustees, although the court may in its discretion make any of such beneficiaries a party to the suit at his application." 1 Foster's Federal Practice (4th Ed.) 317.

With respect to the second question, I have reached a different conclusion, for the following reasons:

The shareholders, as appears from the bill and exhibits, are not members of the defendant corporation. The important issue raised by the bill is between the class of shareholders in whose behalf the bill is brought, on the one hand, and, on the other hand, the Knollwood Cemetery and the class of shareholders represented by the shareholders' committee. As the bill is now framed, this latter class of shareholders is not represented; and, since in my opinion their interests would be affected by a decree in favor of the complainants, I think they should be so represented by making the shareholders' committee parties to the bill, or, if that should be found impracticable, by making such members of the committee parties to the bill as may be fairly presumed to represent the interests of all this class of shareholders. Story's Equity Pleading (10th Ed.) § 35b, pp. 143, 144.

The first, second, third, and fourth grounds of demurrer are overruled. The fifth, sixth, seventh, eighth, ninth, and tenth grounds of demurrer are sustained, with leave to the complainants to amend their bill.